IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KASSAN KHALID MORGAN, ) | |
| TDCJ No. 1306656, ) | |
|       Plaintiff, ) | |
| ) | Civil No. 7:09-CV-167-O |
| v. ) | |
| ) | |
| RICHARD BARNETT, JR., *et al.*, ) | |
|       Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Came on this day to be considered Defendants' Motion for Summary Judgment and the Court finds and orders as follows:[1]

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. Plaintiff claims that, on November 10, 2007, as he was attempting to hang himself in his prison cell, Defendant Richard Barnett maliciously and sadistically assaulted him with chemical agents. *See* Original Complaint p. 10. Plaintiff states that he lost consciousness while hanging and that someone pulled him down to the floor. *Id.* He claims that, as he lay on the floor regaining consciousness, Defendant Barnett kicked him in the face rendering him unconscious again and causing a black eye, a "busted" nose and lower lip, and two loose teeth. *Id.* He seeks redress against Defendants James, Die, Green,

---

[1] Plaintiff did not file a response to Defendants' Motion for Summary Judgment.

Milbern, Roy, and Johnston for failing to intervene and stop the use of force. *See* Plaintiff's Amended Complaint pp. 1-5.[2]

Plaintiff further claims that, after the use of force, medical personnel refused to document his injuries, and that he was taken to the medical department where he received no treatment for his injuries and was not allowed to decontaminate from the chemical agents. Original Complaint at p. 11. He claims to have been placed in a cold suicide-watch cell for two days with no clothing and no blanket. *Id.* Plaintiff claims that he still suffers from mental stress, mental anguish, and depression, and that he has repeated his suicided attempt. *Id.* at pp. 12-13. He seeks injunctive relief and monetary damages.[3] *Id.* at pp. 14-15.

Defendants deny Plaintiff's accusations and argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit and that the case should therefore be dismissed. Defendants' Motion for Summary Judgment pp. 7-10.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

---

[2] Plaintiff's Amended Complaint (Doc. No. 80), filed pursuant to the Court's order (Doc. No. 73), will be treated as a supplement to his Original Complaint.

[3] Plaintiff also claims to have been harassed and threatened by guards. Such claims do not rise to the level of constitutional violations. *See e.g., Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.); *United States v. Bigham*, 812 F.2d 943, 949 (5th Cir. 1987) (holding that technical batteries, angry words and passing thumps do not rise to the level of constitutional abuses); *Boettner v. Raimer,* 2004 WL 2853054, *1 (5th Cir. 2004) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983)) ("[T]hreats made against inmates by prison officials do not amount to constitutional violations.").

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even where an inmate seeks monetary damages, which may not be available through prison grievance proceedings, exhaustion is a prerequisite to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies without any valid excuse, a court may enter judgment as a matter of law. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

The Texas Department of Criminal Justice provides a formal two-step procedure under which inmates must present their grievances in order to exhaust administrative remedies. *Id.* at 890-91. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Id.* After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 1 of the process, which may be the warden, facility administrator or health administrator. *Id.* Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Correctional Institutions Division of the TDCJ. *Id.* After an investigation, the department grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director, or assistant director. *Id.*

The Fifth Circuit Court of Appeals has adopted a strict approach to the exhaustion requirement. *See Ferrington v. La. Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (finding that blindness did not excuse the plaintiff from exhausting administrative remedies); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Parker v. Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, after he recovered, he made no attempt to file a grievance). However, administrative remedies may be deemed unavailable where (1) an inmate is unable to file a grievance because of physical injury and (2) the inmate attempts to exhaust administrative remedies by filing a grievance as soon as the injury improves, but the grievance is rejected as untimely. *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003).

In the instant case, Plaintiff concedes that his Step 1 grievance was returned to him unprocessed because the time for filing had expired. Original Complaint p. 14. Plaintiff claims that he could not file the grievance because he was "medically restricted" from possessing grievance forms. *Id.* The record reflects, and Plaintiff concedes, that he was sent to the Skyview Unit for mental and medical evaluation three days after he attempted to hang himself. Plaintiff's Amended Complaint (Doc. No. 80) at p. 9; Plaintiff's Sealed Medical Records (Doc. No. 82) at pp. 23-54. He was returned to the Allred Unit seven days later, on November 20, 2007. *Id.* Thus, Defendants argue, there were five days remaining after his return to the Allred Unit during which Plaintiff could have filed a timely Step 1 grievance. Plaintiff has not refuted this argument.

Moreover, even assuming *arguendo* that Plaintiff's late grievance filing should be excused, Plaintiff failed to identify the alleged conduct of any Defendant in his Step 1 grievance. Defendant's Motion for Summary Judgment, Exhibit D pp. 2-3. The Fifth Circuit Court of Appeals has held that the exhaustion of administrative remedies through the TDCJ prison grievance system is necessary and that prison grievances are considered sufficient if they give officials a fair opportunity to address a problem that will later form the basis of a lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). Because Morgan failed to identify the Defendants and describe the conduct alleged in this lawsuit in his grievance, this action cannot proceed. *See id.; Richardson v. Spurlock,* 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of a claim for failure to exhaust after the inmate "incorrectly filed an administrative appeal instead of a disciplinary appeal").

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons and in light of the summary judgment evidence submitted, Defendants' Motion for Summary Judgment is GRANTED.

It is ORDERED that Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies.

Copies of this Memorandum Opinion and Order shall be transmitted to Plaintiff and to Counsel for Defendants.

SO ORDERED this 6th day of June, 2012.

*[signature]*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**